<hr />

### Truman G. Rose v. Heman M. Lewis.

Where trover is brought for the conversion of a promissory note, plaintiff is entitled to prove the existence and contents of the note, without giving defendant notice to produce it.

Where a case has been tried in the Circuit Court without a jury, and improper evidence has been received, and it is then removed to the Supreme Court for review upon the whole facts, that Court will not reverse the judgment for the admission of the improper evidence, if there is sufficient of an unexceptionable character to sustain it.

Where defendant has converted a promissory note belonging to plaintiff, and the Court is satisfied the note was available at its nominal amount to the plaintiff, he may recover that amount, notwithstanding the maker is proved not to have property from which collection might be enforced by execution.

*Heard October 8th. Decided October 21st.*

Case made after judgment, from Livingston Circuit. The case is sufficiently stated in the opinion.

*H. H. Harmon, M. B. Wilcox* and *O. Hawkins,* for defendant:

The Court erred in allowing the contents of the note to be proved without notice to produce it. Also in permitting questions to be put to witnesses as to what the note was worth *to the plaintiff.—Sedg. on Dams.* 515, 516, 558; 1 *Gray,* 151; 28 *Vt.* 2. Also in allowing witnesses to express opinions as to the value of the note to the plaintiff without any special circumstances to show that it was of

Rose v. Lewis.

different value to him than to any one else. Also in rendering judgment for plaintiff for the face of the note, when the maker was shown to be insolvent.—*Sedg. on Dams.* 514; 1 *B. & Adol.* 528; 1 *'Cow.* 240; 22 *Mo.* 393.

*G. V. N. Lothrop* and *D. B. Duffield,* for plaintiff:

Allowing the contents of the note to be proved was clearly right—1 *Greenl. Ev.* § 561. And it was clearly right to allow the plaintiff to recover the amount he could have realized upon the note from the maker.—10 *M. & W.* 576; 9 *M. & W.* 657; 26 *Conn.* 483; 7 *Bing.* 460; 2 *Rawle,* 241; 1 *Cow.* 240; 2 *Taunt.* 440; 28 *Mo.* 181.

CAMPBELL J. :

This was an action of trover for the wrongful conversion of a promissory note given by one McCabe to the plaintiff, and pledged to defendant for a debt paid before action brought. The Court below gave judgment for its full amount, and the case comes up for review on the law and the facts.

It was objected to the proof by parol of the existence and contents of the note, that no notice had been given to produce it. There is no foundation for such an objection. Where the defendant is notified by the pleadings that the plaintiff intends to charge him with the possession of the · instrument, no further notice to produce it is required.—1 *Greenl. Ev.* §561.

Objection was also made to the reception of evidence of the opinions of some of the witnesses concerning the value of the note in question at a period anterior to the conversion, and also of opinions concerning its present value not founded on any facts disclosed. As, however, the case was not tried by jury, and we are called upon to review it on the whole facts, as it was presented to the · Court below, and not merely on legal questions, we can not properly reverse the judgment for such a reason, if there

is enough evidence of an unexceptionable character to sustain it. Had proper evidence been excluded, a new trial would be necessary; but any improper evidence may, as in Chancery causes, be disregarded, if not controlling or necessary to the conclusions arrived at.

Considering, then, only such evidence of the value of the note as has a basis in facts, it becomes necessary to decide whether it presents a case which can, in accordance with the rules of law, sustain the judgment below.

It was proved by several witnesses that the maker of the note was in debt, and had not property to pay his debts. The plaintiff was, however, permitted to show that the maker of the note was honest, was working for plaintiff, and expected to pay it, and was good to pay his debts when able. It is claimed by defendant that the want of property to pay his debts showed conclusively the insolvency of the debtor, and that the note was worthless. It is further claimed that plaintiff could not properly be allowed to show that the note was worth more to him than to others.

It is undoubtedly true that damages for the conversion of articles having a regular market value are measured generally by that value. But that is only because such a measure furnishes the precise redress which the law always aims at giving, by making good as near as may be the injury which the aggrieved party has sustained. Where articles have not a standard or market value, then their value to the owner, so far as they are susceptible of pecuniary measurement which is not fanciful or merely speculative, furnishes the true test.

The value of negociable paper is well understood not to be absolutely dependent on the amount of property liable to execution which may be possessed by its maker. A very large portion of current securities of undoubted goodness would, under such a test, be worthless. And, in cases where a holder of such paper is indebted to the

maker, it may be as valuable to him, by way of set off, as if the maker were wealthy and in sound credit. The value of commercial paper must always depend very much upon the integrity and business habits of those who issue it. And we cannot perceive the justice or good sense of any rule which should disregard the results of common experience. We think the Court below was entirely authorized from the evidence to conclude that the note in question would have been available to plaintiff at its face.

The judgment must be affirmed, with costs.

The other Justices concurred.