# Hervey Sullings v. The Goodyear Dental Vulcanite Company.

*Evidence: Pleadings: Defense: Decree in another suit: Res adjudicata.* In an action to recover damages for the breach of a contract whereby defendant agreed to allow and permit plaintiff to make, construct and use a certain improvement in artificial gums and palates in his profession of dentistry, the breach alleged being the suing out of an injunction, the decree in the injunction suit would not be admissible in evidence as a bar to the present suit where the same was not set up or relied upon in the pleadings.

*Pendency of another suit: Plea in abatement.* The pendency of another suit involving the same matters, if relied upon at all, must be pleaded in abatement; and it is not a bar.

36 MICH.—40.

SULLINGS *v.* GOODYEAR DENTAL VULCANITE COMPANY.

*Contracts: Permission to use patented improvement: Injunction.* The suing-out and service of an injunction is held to be a breach of a contract to allow the plaintiff to make use of a patented improvement.

*Injunction: Irregular service: Subpoena: Violation of contract.* Though one who is served with an injunction and is not served with subpoena may doubtless have the injunction set aside for irregularity, and might possibly under some circumstances be justified in disregarding it altogether, yet where one having a contract permitting him to use a patented improvement is served with injunction at the suit of his grantor, he has a right to treat it as a public and formal declaration on the part of such grantor not to abide by his contract, and is under no obligation, when the necessary steps are not taken to bring him before the equity court in the injunction suit, to present himself there to get rid of the writ of injunction.

*Contracts: Breach: Injunction: Irregular service.* It does not lie with the party who has caused an injunction to issue in violation of his contract, when sued for a breach of the contract, to say that the other party might have been relieved from the injunction in the injunction suit by producing and proving his contract.

*Heard April 11. Decided April 18.*

Error to Kent Circuit.

*May*, *Powers* and *Daniels*, for plaintiff in error.

*William Ashley* and *E. A. Maher*, for defendant in error.

COOLEY, CH. J:

This action is brought to recover damages for the breach of a contract whereby the defendant agreed to allow and permit the plaintiff to make, construct, and use a certain improvement in artificial gums and palates in his profession of dentistry. The breach of the contract as set up consists in the suing out a writ of injunction. The contract was entered into in 1869, and the injunction was sued out in 1870. The plea, filed in September, 1875, had appended to it a notice that defendant would prove in bar of the suit, a suit pending on the equity side of the circuit court of the United States for the western district of Michigan.

The making of the contract, and the suing out of an injunction afterwards, are established by the finding of the court below. It is not shown, however, that any suit was actually commenced in equity by the service of subpœna or appearance, but it is claimed that the court afterwards ren-

dered a decree in the injunction suit, and it is said, that the court being one of general jurisdiction, it must be taken as a conclusive presumption of law that the court had jurisdiction. It is further urged that the decree would be conclusive of the matters here in controversy, as it would necessarily cover them. It is a sufficient answer to this argument that no such decree is set up or relied upon in the pleadings, and it was not admissible in evidence. All we have of this suit, therefore, is an injunction issued and served without subpœna. The suit that was pending when the plea was filed was commenced in February, 1875. The pendency of that suit, if relied upon at all, should have been pleaded in abatement; it was not a bar to this suit.—*1 Chit. Pl., 454.* It would seem, therefore, that the only question that the record presents is, whether the suing out and service of the injunction constitutes a breach of the contract to allow the plaintiff to make use of the patented improvement.

Had the defendant in the injunction suit moved to set aside the writ on the ground that no subpœna was served with it, probably it would have been set aside for irregularity.—*Peltier v. Peltier, Har. Ch., 19.* Possibly he might have been justified in disregarding such a service altogether, though this might depend on circumstances. In general a party is bound by an order for injunction of which he has notice, though no writ is taken out.—*High on Injunctions,* § *852; Kerr on Injunctions, 638.* If, however, an injunction were sued out and served, without any service of subpœna or other evidence of *bona fide* purpose to proceed with the suit, we think a court would hesitate long before imposing any punishment on one who disregarded it. But it is not necessary to consider hypothetical cases; in this case the writ was obeyed, and whether the purpose in suing it out was *bona fide* or not, is not very important. The plaintiff had a right to treat it as a public and formal declaration on the part of the defendant not to abide by the contract recently made with him, and unless the necessary

:steps were taken to bring him before the equity court in the injunction suit, he was under no obligation to present himself there to get rid of the writ. There was as to him no *lis pendens* until he was served with process or voluntarily appeared, but there was by the injunction an impediment interposed to the enjoyment of the benefits of his contract. It does not lie with the defendant to say that he might have been relieved from the injunction in the chancery suit, by producing and proving his contract; doubtless he might have done so, but to compel him to do so, the party complainant in that court should have taken the proper proceedings to bring him in.

Our judgment is, that the court below erred in its conclusion, and that the plaintiff is entitled to maintain this action.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.