## WILLIAM HICKS v. DANIEL C. LYLE.

*Trover lies for conversion of chattel notes.*

In Michigan a chattel note is transferable and the assignee can sue upon it (Comp. L. § 5775) and trover lies for its conversion.

A bailee of a note who gives it up, without authority, to be destroyed is liable for its conversion.

The Supreme Court does not weigh testimony in law cases, or judge of its truth.

Error to Kent. Submitted June 29. Decided July 1.

TROVER. Plaintiff brings error. Reversed.

*C. G. & W. W. Hyde* for plaintiff in error. A promissory note can be converted: *Burrows v. Keays* 37 Mich. 433; where one is only authorized to deliver a note to another, any other disposition of it is conversion: *Fisher v. Kyle* 27 Mich. 454; *Stewart v. Martin* 49 Vt. 266; *Kingman v. Pierce* 17 Mass. 247.

*D. E. Corbitt* for defendant in error.

COOLEY, J. This case originated in justice's court, and was removed to the circuit court by *certiorari*. Hicks was plaintiff in the justice's court, and counted upon the conversion of a chattel note which was payable in cedar posts. In justice's court he recovered judgment which was reversed in the circuit court.

The sole questions which we find to be open to us on this record are—*First*, whether such a note is the subject of conversion; and *second*, if so, whether there was in the case any evidence tending to show a conversion. On both these questions the case is with the plaintiff.

A chattel note in this State is the subject of transfer, and suit may be brought upon it in the name of the assignee. Comp. L. § 5775. As respects this action, therefore, it does not differ from a promissory note; and the right to bring trover for a promissory note is unquestionable. *Rose v. Lewis* 10 Mich. 483. The evidence of conversion in this case was that the note was left with Lyle, together with other papers belonging to different persons, to be delivered to the several persons owning them, and that the maker of this note, by means of the false statement that he had paid it up with the exception of two dollars, induced Lyle to give it up for that sum, and immediately destroyed it. The maker of the note admitted that his statement was false, but he added that Lyle knew it at the time. It is probable this was false, but we do not weigh testimony or judge of its truth. There was certainly evidence tending to show that Lyle delivered the note to the maker for destruction without any authority therefor; and this was evidence of a conversion.

The judgment of the circuit court must be reversed with costs of both courts and that of the justice affirmed.

The other Justices concurred.