WILLARD TEFT ET AL. V. BURWELL HINCHMAN ET AL.

*Landlord and tenant—Verbal lease for more than one year—Notice to quit.*

Where a *verbal* leasing for *two* years is acquiesced in *after* the expiration of the *first* year, the lessee holds for the *second* year as if in under a verbal lease for *one* year, at the expiration of which proceedings may be taken to recover possession without notice to quit, which is not required to terminate such a tenancy.

Error to Berrien. (O'Hara, J.) Argued July 9, 1889. Decided October 18, 1889.

Proceedings to recover possession of premises. Defendants appeal. Affirmed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*Clapp & Bridgman,* for appellants.

*Lawrence C. Fyfe,* for complainants.

MORSE, J. This is an action commenced before a circuit court commissioner to recover possession of a building.

The commissioner found in favor of the defendants. The complainants appealed to the circuit court for the county of Berrien, in which court, upon trial before a jury, complainants had verdict and judgment.

The defendants bring the case into this Court by writ of error.

The ownership of the property in complainants was not disputed.

The complainant Teft, who managed the building, went to Kansas in September, 1885. The building was situated at Sawyer, Berrien county. While in Kansas, and in December, 1885,

Teft received a letter from one Shetterly, who was a partner of his in the lumber business, stating that he had leased the building to the defendant Hinchman for two years at $7.50 per month. This leasing was verbal, and at the time Shetterly had been granted no authority to rent the building, but Teft seems to have acquiesced in the letting.

Teft, however, in 1887, wrote to one Knight to demand the store of Hinchman when the two years were up, which would be about the seventh of December, 1887. Knight went to Hinchman about the first of December, 1887, and demanded the building of Hinchman, stating to him that he had received a letter from Teft, requesting him to make the demand. Hinchman did not question Knight's authority to act for Teft, but refused to deliver the building up, claiming that he had rented it of Shetterly for five years more.

The building had living rooms upstairs, which, at the commencement of this suit, February 28, 1888, were occupied by the defendant Shepard as a tenant under Hinchman.

This is the showing made by complainants. The defense offered no testimony.

The court instructed the jury that the verbal lease was good only for one year; but, if permitted to hold over by Teft, it was also good for the second year. As to the third year, he told the jury that, if the defendants had been permitted to hold over after the expiration of the second year for so long a period that they might reasonably infer or presume that the complainants were not unwilling that they should continue to so occupy, then, while the defendants would not be entitled of right to hold over another year, as in the second year, yet they would be entitled to three months' notice to quit. No notice of this kind being given in this case, the jury were further instructed that, if they found defendants were permitted to hold over for a period so long that they might reasonably presume that the complain-

76 MICH.—43.

ants were willing they should hold for another year, their verdict must be for the defendants.

The circuit judge further charged the jury that, under the circumstances of this case, a verbal notice to quit was sufficient; that, if Knight was the authorized agent of complainants, the demand or notice by him as such agent would be sufficient.

"Therefore, if in this case you shall find that Mr. Knight was duly authorized to notify the defendants (and let me say now that a notice upon Mr. Hinchman would be a notice to both), and if Mr. Knight so notified Mr. Hinchman that the latter was informed that he was required to quit the premises in question, and when he was so to quit, and that he was so to quit all the premises held by him, in such case gentlemen, that would be a sufficient notice. As to the time of quitting, you must either find that a certain day was fixed in the notice, or that it was to be immediately. and a notice to give up possession immediately, or without loss of time, is good as one fixing a particular day.

"Now, then, gentlemen, as to a reasonable time. In determining this you will consider the place of residence of both landlords and tenants; the distance between them; the facility for communication; whether the landlords were on the ground or in the vicinity at the end of the second year or not; -or whether they had an agent there,—and from such, yourselves, as honest and fair-minded men, determine whether such notice, if any you find to have been given, was made or given within a reasonable time,—such time as an ordinary or a reasonable man would have given or could have given under like circumstances.

"The landlord is bound to give notice with such dispatch as, from the attending circumstances, would fairly and reasonably be expected; and if such was done that would be sufficient.

"If from the testimony you find that notice was not given within such time, and with such dispatch, then the time would be an unreasonable one. If you shall find that Mr. Knight, as the duly authorized agent of the complainant, notified Mr. Hinchman to leave immediately, Mr. Hinchman would have a reasonable time to vacate the premises, and this also you will determine from all the facts and circumstances before you."

Complaint is made of these instructions, and it is contended that the court should have directed a verdict for the defendants, as requested by them on the trial.

The judgment must be affirmed. Shetterly had no authority to rent the building for five years, or for any length of time.

At or about the end of the second year Hinchman was notified, by one whose authority was not disputed by him, that complainants demanded the store. This was a sufficient notice to quit, and was made at a reasonable and proper time.

Hinchman found no fault at the time of the demand with the sufficiency of the notice, but claimed that he was holding under a new agreement, which in this suit he does not attempt to rely upon. He was plainly notified at or about the end of the second year that the complainants wanted the building, and that his tenancy under the first agreement with Shetterly was to be ended.

This was sufficient. It is true, many cases are found in the books so full of various subleties, refinements, and technicalities of terms as to the law of notice to quit between landlord and tenant that a study of them leads to almost hopeless confusion and uncertainty as to the manner of procedure to get rid of a tenant; but under our statute and practice, as defined by our own courts, the matter is simple enough. There is probably no other branch of the law so full of doubt and perplexity to the profession as this one, if resort is had to numerous authorities.

But apply the law of this State to the case in hand, and the solution is easy. The second year Hinchman was holding the same as under a verbal lease for one year. At the end of it he required no notice to determine it. The complainants could have proceeded against him the next day, without notice to quit, to obtain possession.

He could gain no further right of occupation of the building, except by agreement or by acquiescence in his holding

over for so long a time as to indicate a permission to hold another year, or to render him a tenant at will.

But he was notified that the building was wanted, and that he would not be permitted to hold over for any length of time. He saw fit to stick under a claim of a new renting, which was unauthorized and invalid.

Complainants, within a reasonable time, without any acts of estoppel intervening, commenced suit to get him out of possession. The circuit judge should have directed a verdict for complainants.

The judgment of the circuit court is affirmed, with costs.

The other Justices concurred.