H. L. DRIVER, J. F. WOODMAN, J. K. JUDD, A. E. BELLER, AND E. GARN, RESPONDENTS *v.* SALT LAKE & OGDEN GAS AND ELECTRIC LIGHT COMPANY, APPELLANT.

*Contract—Pleading—Counter-Claim—Cause of Action.*

The suing out and serving of an injunction prohibiting defendant from exercising a right under the contract sued on by plaintiff, is a breach of the contract by plaintiff sufficient to form a basis for a counter-claim by defendant, and a counter-claim setting up such facts states a cause of action.

(Decided June 21, 1900.)

Appeal from the Third District Court Salt Lake County. Hon. A. N. Cherry, *Judge.*

Action by plaintiffs to recover upon a written contract. Defendants answered and counter-claimed. A demurrer to the counter-claim was sustained. Defendant amended its answer and counter-claim. A second demurrer was interposed and sustained and the counter-claim was stricken out. From a judgment for plaintiffs defendant appealed. *Reversed.*

*Messrs. Young & Moyle*, for appellant.

The fact that the contract provided that upon the failure of respondents to furnish gas, appellant should have the right to pull up its pipe line and the contract should terminate without liability on the part of respondents, is of no importance, since respondents prevented appellant from doing the very thing the contract gave them a right to do; that is, pull up the pipe line and terminate the contract, and thereby damaged appellant. Since respondents prevented appellant doing this, appellant is in the same condition as if it had actually done the very thing respondents prevented it from doing; that is, pulled up the pipe line and ended the contract, and up to that time there would be no liability on the part of respondents for their failures; but respondent would be liable for the wrongful action done by them at the time and after it; for "if he whom it concerns to have my part of the covenant fulfilled is the occasion why it is not, it is the same thing to me as if it were fulfilled." *Marshal* v. *Craig*, Ky. 4 Am. Dec. 653–655.

And the suing out of an injunction prohibiting appellant from exercising its right under the contract is a breach of the contract. *Sullings* v. *Goodyear Dental Vulcanite Co.*, 36 Mich. 313.

So where the promisee disables the promisor from his part of the contract, the promisee is excused. Beech on

Contracts, Vol. 1, Sec. 405; Am. & Eng. Ency. of Law, 2d Ed. Vol. VII, page 151, note 2 and cases cited; also page 123, note 3 and cases cited.

So the courts of Colorado hold "It is a familiar doctrine of the laws of contracts that if one party is prevented from fully performing his contract by the fault of the other party, the latter cannot be allowed to take advantage of his own wrong to exempt himself from liability under the contract." Syllabus. *Smith* v. *Roe,* 7 Colo. 95.

So also "if one party prevent the other from performing his agreement or fail to perform a condition precedent, he cannot recover damages, for non-performance by the other party. In all such cases the failure by the one exonerates the other. *Jewell* v. *Balnford,* 37 Ky. (7 Dana); *Dill* v. *Pope,* 29 Kan. 289; *Mains* v. *Haight,* 14 Barbour, (N. Y.) 76; *Reed* v. *Davis,* 35 Me. 379; *Barton* v. *Gray,* 57 Mich. 622, 638; Lawson on Contracts, Sec. 441 and 442; *Bright* v. *Ashley,* 3 Federal Cases, 699. Case No. 1541; *Jones* v. *Walker,* 56 Am. Dec. 557; *Attix, etc.* v. *Phelan,* 5 Ia. 336; *Dobbins* v. *Edmunds,* 18 Mo. Appeal, 314.

*E. D. Hoge, Esq.,* and *Messrs. Goodwin & Van Pelt* for respondents.

Miner, J.

This action was brought by the plaintiffs to recover $4557.68 for natural gas furnished to defendant upon a written contract set out in the complaint. Thereafter a supplemental complaint was filed claiming a further sum of $979.61 as a balance due for natural gas furnished since the commencement of the suit, and for the sum of $1,720.57 for gas furnished but which, through fault of the defendant, was lost by leakage. The defendant filed an answer and counter-claim to which plaintiffs demurred. The demurrer was sustained. Defendant then amended

its answer and counter-claim. Thereafter a second de-murrer was interposed and sustained to the counter-claim, and the counter-claim was stricken out. No further amended counter-claim was filed. A supplemental answer was also filed alleging payment, etc.

The amended answer and counter-claim alleged that plaintiffs were under their written contract set out in the complaint to furnish defendant all the natural gas required for its use not supplied by the New American Gas & Fuel Company; that said last named company had failed to furnish it any gas whatever, and plaintiffs had failed to supply the deficiency as required to defendant's damage of $4,200; that plaintiffs procured an injunction to be issued and served restraining the defendant from exercising its right under said contract and from removing and disposing of the pipe line constructed by defendant to plaintiffs' gas wells for the purpose of conducting gas to defendant's gas works to its damage of $4,200; that such contract provided that should plaintiff fail to furnish defendant with the gas called for, then the defendant might remove and dispose of said pipe line from plaintiffs' wells, and upon such failure the contract should terminate without liability on the part of the plaintiffs for such failure.

In sustaining the plaintiffs' demurrer, and in rejecting defendant's testimony offered to all that part of the counter-claim, except that part which has reference to being restrained by injunction fron removing defendant's pipe line, etc., the court decided correctly.

As to the failure to furnish gas no breach of the contract was set up or shown on the part of the plaintiffs under the contract. The New American Gas and Fuel Company merely bound itself to furnish gas that flowed from its wells. The plaintiffs agreed to furnish defendant an amount of gas equal to one-third of the gas which the former company agreed to furnish, and in addition thereto

all the deficiency of gas that the New American Gas and Fuel Company could not furnish in accordance with its contract. The Fuel company failed to furnish the gas. It only contracted to furnish such gas as flowed from its wells. If none flowed it was not obliged to furnish it. It is not claimed that the Fuel Company failed to furnish whatever gas that did flow from its wells. The plaintiffs did not contract to furnish all the gas the defendant was able to sell. No such provision is found in the contract; but the contract does provide that if the plaintiff failed to furnish the gas called for by the contract, then upon such failure the contract should terminate without liability on the part of the plaintiffs for such failure. Therefore the contract ceased to be operative upon the plaintiffs failure to furnish gas. From that time they were without liability.

The contract was evidently drawn as it was because of the uncertainty of a continuous flow of the gas. A positive obligation was precarious, and hence the insertion of a clause relieving plaintiffs from liability in case of failure of the wells. But this contract also gave the defendant a right to pull up its pipe line conveying gas from plaintiff's wells to defendant's works, if the plaintiffs failed to furnish gas called for, etc. This fact was counted upon in the amended answer and counter-claim with the allegation that the gas was not furnished and defendant sought to remove the said pipe line as provided in the contract, but was enjoined and restrained by the plaintiffs from so doing, to its damage. Evidence was offered to sustain this pleading and show damages. The evidence was rejected. The demurrer to this counter-claim was sustained, and in effect, the counter-claim was stricken out, and the defendant was denied any rights thereunder. In this we think the court erred. The defendant had a right, under the contract, to pull up its pipe line when the plaintiffs

failed to furnish gas as agreed. The plaintiff by means of the injunction prevented the defendant from doing what it had a right to do under the very contract upon which plaintiffs sought to recover. Whether gas was being furnished or not, and therefore whether defendant had a right to remove its pipe line or not, and what the damages were, were questions that could properly be placed in issue by the pleadings, and the demurrer should not have been sustained to this part of the counter-claim. The testimony offered would have been admissible under the counter-claim in defendant's pleadings.

The suing out and the serving of an injunction prohibiting the defendant from exercising its right under the contract to remove its pipe line when gas was not furnished thereunder, was a breach of the contract. As held in Colorado "It is a familiar doctrine of the law of contracts that when one party is prevented from fully performing his contract by the fault of the other party, the latter cannot be allowed to take advantage of his own wrong, and exempt himself from liability under the contract." *Smith* v. *Roe*, 7 Col. 95; *Sullings* v. *Goodyear*, 36 Mich. 313; *Marshall* v. *Craig*, 4 Am. Dec. 653; *Jewell* v. *Balnford*, 37 Ky. (7 Dana) 477; *Dill* v. *Pope*, 29 Kas. 289; *Barton* v. *Gray*, 57 Mich. 622; Lawson on Contracts, Sec. 444; *Dobbins* v. *Edmunds*, 18 Mo. App. 314.

Many other errors are assigned, but the record comes to this court in such a questionable and unsatisfactory shape, that we are not able to clearly understand what the disputed questions are, or how they arose.

The judgment of the district court is reversed, and the cause is remanded to the court below with directions to grant a new trial.

Appellant is entitled to costs.

BARTCH, C. J., and McCARTY, District Judge, concur.