RYAN v. MILLS.

1. LANDLORD AND TENANT—HOLDING OVER—VERBAL LEASE—
   NOTICE TO QUIT.
   Where, after the expiration of a lease for a term of years, a
   verbal agreement was entered into, in settlement of a dispute
   between the parties, whereby the tenant was to hold for two
   years longer, the landlord was entitled to restitution at the
   end of that period, without giving a year's notice to quit.

2. PLEADING—ABATEMENT—MOTION TO QUASH.
   The defense of a former suit pending must be raised by a veri-
   fied plea in abatement, and cannot be raised by a motion to
   quash the proceedings.

Error to Wayne; Carpenter, J. Submitted December
12, 1901. Decided December 21, 1901.

Summary proceedings by William T. Ryan against
Carlton H. Mills to recover the possession of leased prem-
ises. From a judgment for complainant on verdict di-
rected by the court, defendant brings error. Affirmed.

Complainant instituted proceedings before a circuit
court commissioner to recover possession of certain prem-
ises which the defendant had for some years occupied as
a tenant under him. In 1887 complainant executed to
one Gordon a lease for eight years and nine months.
Shortly afterwards Gordon, by the consent of complain-
ant, assigned the lease to Mills. The lease would ter-
minate on the 1st day of April, 1897. After the time
fixed therein had expired, he took steps against defendant
to obtain possession. He was defeated in that litigation,
but for what reason does not appear. Subsequently, and
early in 1898, a parol agreement was entered into, by
which defendant was to remain in possession for two years
longer, the term to end April 30, 1900. Upon March 30th

complainant served upon defendant notice to quit on or before April 30th thereafter. The court directed a verdict for the complainant.

*Galloway & Graham,* for appellant.

*James H. Pound,* for appellee.

GRANT, J. (*after stating the facts*). 1. Defendant's counsel urged that defendant, by entering upon another term, had obtained the right of occupancy for a year, and was entitled to one year's notice before complainant could legally proceed to terminate the tenancy. The court held that the case was controlled by *Teft* v. *Hinchman,* 76 Mich. 672 (43 N. W. 680), and in this it was correct.

2. Upon the hearing before the commissioner, defendant moved to quash the proceedings for the reason that a chancery suit was pending between the parties, involving the same cause of action, and in which an injunction was asked for by the defendant here and complainant in the chancery suit against the complainant here, who was the defendant there. At the trial in the circuit court defendant renewed the motion. The court correctly held that the defense of a former suit pending could not be raised in this way, but only by a plea in abatement, which must be verified.

Judgment is affirmed.

MONTGOMERY, C. J., HOOKER and MOORE, JJ., concurred. LONG, J., did not sit.