## MUIR v. KALAMAZOO CORSET CO.

1. APPEAL AND ERROR—EVIDENCE—SETTING ASIDE VERDICT.
    The fact that the testimony seems to the appellate court to preponderate against the verdict rendered, is not a sufficient ground for setting it aside; the weight of conflicting evidence being for the jury.

2. EVIDENCE — SECONDARY EVIDENCE— PRACTICE — NOTICE — REASONABLE TIME.
    Proper practice requires reasonable notice to produce papers to be given before secondary evidence of their contents is admissible, and what is a reasonable notice depends upon the circumstances of the case; and, where the appellate court is unable to determine that reasonable notice was not given for the production of a telegram, and counsel would have indulged no violent presumption in assuming that all necessary papers connected with the matter in issue would be in court, it will not set aside the verdict because secondary evidence of such telegram was received.

3. PLEADINGS—PENDENCY OF ANOTHER ACTION—ABATEMENT.

The defense of a former suit pending must be raised by a verified plea, and cannot be made under a plea of the general issue with notice.

4. ACTIONS—SPLITTING OF CAUSES—CONTRACTS.

Plaintiff was employed by defendant as superintendent of retail departments of stores where its goods were sold, and was to receive a stated commission on gross sales. Defendant canceled a contract with a firm, and received a bonus for the unexpired term of its contract. Plaintiff claimed an agreement with the defendant whereby he was to receive a commission on the amount paid for the cancellation of the contract. *Held,* that the cause of action was not a part of the original agreement, and that the pendency of a suit on the original contract did not bar an action on the later contract.

5. CONTRACTS—CONSIDERATION—SUFFICIENCY.

In such action, plaintiff's services in making the settlement of cancellation, and his release of all the parties from any claim for commissions under his original contract, was a sufficient consideration for the agreement to pay a commission on the amount received in settlement of the lease.

Error to Wayne; Brooke, J. ᵣ Submitted January 14, 1909. (Docket No. 84.) Decided March 3, 1909.

Assumpsit by Erwin T. Muir against the Kalamazoo Corset Company for commissions on the sale of certain goods. There was judgment for plaintiff, and defendant brings error. Affirmed.

*D. B. Hayes* and *Harry C. Howard,* for appellant.

*May & Dingeman,* for appellee.

OSTRANDER, J.    The parties to this suit had contract relations evidenced by a memorandum, the terms of which are here set out:

"The said Kalamazoo Corset Co, agrees:
"(1) To employ the said E. T. Muir as superintendent of all of the retail departments owned by the said Kala-

155 MICH.—40.

mazoo Corset Co., or that shall hereafter be acquired during the life of this contract, it being understood that said E. T. Muir is to have general supervision of said departments.

"(2) To pay said E. T. Muir as compensation for his services a commission of five per cent. on the gross sales made by all of said retail departments now owned by the said Kalamazoo Corset Co., or that may be acquired during the life of this contract. Said commissions are to be due and payable monthly as earned.

"In consideration of the above the said E. T. Muir agrees:

"(1) To act as superintendent of the retail departments of the Kalamazoo Corset Co., and to devote his entire time to promoting the interests of said departments.

"(2) To visit said departments as often as directed by the said Kalamazoo Corset Co.

"(3) To pay all of his expenses incurred while acting as superintendent of the retail departments for said Kalamazoo Corset Co., it being understood that the commission named above is to cover his salary and expenses.

"This contract to be in full force and effect from November 1, 1905, to January 1, 1907."

One of the retail departments established by defendant was in the store of Tower & Brooks, at Albany, N. Y. Tower & Brooks received an offer for their entire stock of goods, but the intending purchasers objected to subletting any part of the store or leasing any of the departments. The contract between defendant and Tower & Brooks had a considerable time to run, and they by a letter dated November 18, 1905, asked to be released in case a sale of their stock should be made. Defendant on November 20, 1905, wrote to plaintiff, who was then in Detroit, inclosing a copy of the Tower & Brooks contract and a copy of their letter, and asked plaintiff to go to Albany, and, if possible, arrange matters so that the purchasers would retain the department, indicating that they would decline to cancel the contract except upon payment of a considerable bonus. This letter was preceded by a telephone communication to plaintiff upon the same subject. Plaintiff went to Albany. Later he was followed

there by Mr. James J. Robertson, representing the defendant. The details of the negotiation there conducted are not important. Several days were spent and plaintiff paid his own expenses. It was arranged that the Tower & Brooks contract should be canceled in consideration of a sale of corsets in stock and of a bonus; the total sum received by defendant being more than $7,000. This suit is brought to recover a commission of 5 per cent. upon this sum. Plaintiff offered testimony tending to prove that, after he arrived at Albany, he communicated with Mr. Hatfield, president and general manager of defendant, at Kalamazoo, by telephone, and told him that, if the department was sold out, he, plaintiff, would lose commissions under his contract for about 14 months, and that they would amount to $1,000; that Hatfield replied that, if they sold it, they would protect him. Plaintiff offered to accept $750 if the department was sold. Hatfield offered, and plaintiff agreed to take, 5 per cent. upon any sum realized. The contentions of the defendant, appellant, in this court, are:

1. That the evidence that no such an agreement was made is so strong and the evidence in its support is so slender that the verdict should be set aside as against the weight of evidence. It will profit no one to set out and make comparisons of the testimony upon this subject. We have examined the record with care. There is no testimony on the part of defendant which is conclusive of the matter. The fact that the testimony seems to us to preponderate in favor of defendant is not a reason for setting aside the verdict. If the testimony of the plaintiff is believed, and the jury had the right to believe it, the agreement for the commission is made out.

2. Plaintiff gave secondary evidence of the contents of a telegram which he claimed Robertson sent from Albany to Hatfield at Kalamazoo. Plaintiff testified that, in substance, the telegram read: "Muir has done the work and I have got the money;" or, "Muir did do the work and we got the money." Robertson denied, on cross-exami-

nation, that he sent such a telegram, and plaintiff, being recalled, testified as above. No objection was made to receiving the telegram in evidence, and no motion to strike it out. It is asserted in the reasons given for a new trial that the court erred in receiving secondary evidence of its contents. The questions of the relevancy and the materiality of the telegram are not presented. Notice to produce was given to defendant's counsel at Detroit, where they had been engaged in the trial of another case between the same parties. It was stated to the court that counsel had had no time to go back to Kalamazoo and get the telegram Robertson sent, if he sent any. Proper practice requires reasonable notice to produce papers to be given before secondary evidence of their contents is admissible. What is a reasonable notice depends upon circumstances. We are not able to tell from the record whether in this case the notice to produce was given one or more days before the testimony was introduced or whether a letter or wire or telephone message to defendant's office at Kalamazoo would have obviated any difficulty. Counsel for plaintiff would have indulged no violent presumption in assuming that defendant would have in court all papers connected with the matter in issue. We do not feel warranted in reversing the judgment upon this point.

3. The plaintiff's declaration was filed November 4, 1907. With its plea defendant gave notice that it would show in its defense that plaintiff on January 28, 1907, brought an action in assumpsit in the same court against defendant for the recovery of commissions, etc., under the written contract hereinbefore set out, and that said suit was pending and undetermined; that, if plaintiff was at any time possessed of a cause of action for the matters and things alleged in his declaration in the case at bar, he was so possessed on January 28, 1907. If pendency of the former suit was relied upon in abatement of this suit, the issue should have been tendered by a verified plea in abatement. *Ryan* v. *Mills*, 129 Mich. 170; *Sullings* v. *Good-*

*year Dental Vulcanite Co.*, 36 Mich. 313. The only manner in which any question arising upon the special notice was directly presented to the trial court was by a motion to direct a verdict upon the ground that plaintiff was attempting to split an indivisible cause of action. But it is plaintiff's theory that the agreement relied upon here is a new agreement, a distinct cause of action, and not a mere item of recovery within the declaration in the other suit. His testimony sustains this theory. It is clear that he is not in this suit seeking to recover for his commissions upon the gross sales of corsets made by a retail department operated by defendant. A bonus of $3,500 was paid for the cancellation of the contract with Tower & Brooks. The point is not ruled by *Continental Ins. Co.* v. *Lumber Co.*, 93 Mich. 139; *Dutton* v. *Shaw*, 35 Mich. 431, and like cases.

4. It is claimed that the new arrangement was without consideration. It is said that the defendant had the right to dispose as it did of the department without liability to the plaintiff, and that the services which plaintiff performed in making the sale, or settlement, were required by his written agreement. We find nothing in the agreement requiring the plaintiff to perform any such services. In performing them he was not acting as superintendent of the department. If it is assumed that defendant had the right to dispose of any and all of its retail departments without liability to the plaintiff, yet, if it employed plaintiff to dispose of them at his own expense, we think his services in that behalf and the expenses he incurred would be consideration for a promise to pay him a commission on such sales. The declaration avers the consideration to have been the release by plaintiff of the defendant and of any purchaser of said department from future liability under the contract for commissions on sales in said department and services rendered and to be rendered by plaintiff in disposing of said department. The release of the Tower & Brooks contract was executed, not only by the Kalamazoo Corset Company, by Robertson as attor-

ney in fact, but and separately by plaintiff, who released both the sellers and the purchasers "from all claims and rights whatsoever which I may have in and by the said contract of lease." This separate and further release was required by the attorneys who represented the parties purchasing the stock from Tower & Brooks. It is true the agreement for the particular commission, as testified to by plaintiff, indicates a demand on his part for a loss of further commissions only, not a demand based upon the fact that he was rendering special services. This fact goes strongly to the point that no agreement was made and has been considered by us in that connection. We are not required to determine whether the defendant was or was not in any manner liable in law to plaintiff in case it so disposed of the particular department. If plaintiff claimed a personal, pecuniary interest in the continuance of the contract as a reason for not releasing it, and the defendant recognized such a claim and compromised and adjusted it, there was consideration for the agreement to pay the particular commission.

The judgment is affirmed.

BLAIR, C. J., and GRANT, MONTGOMERY, and HOOKER, JJ., concurred.