12221.  CITIZENS BANKING COMPANY *v.* SOUTHERN
FERTILIZER AND CHEMICAL COMPANY.

An action against a bank for conversion of promissory notes received by
  it for collection and delivered by it to the makers without collecting
  the amount due thereon is maintainable, under the allegations of the
  first count of the petition, although it is there alleged that the
  makers of the notes are solvent.

DECIDED OCTOBER 6, 1921.

Complaint; from city court of Eastman — Judge Franklin.
January 10, 1921.

Cited by counsel: 10 *Ga. App.* 699; 98 *Ga.* 576; 6 Am. L.
Rep. 618; 7 Corpus Juris. 620; 116 Ala. 520; 139 S. W. 1179.

*J. H. Roberts, W. M. Clements,* for plaintiff in error.

*J. H. Milner,* contra.

BLOODWORTH, J.  The petition in this case consists of two
counts.  A demurrer to each was overruled.  The brief of coun-
sel for the plaintiff in error discusses the ruling on the demur-
rer as to the first count only.  So the sole question for us to
determine is whether or not the demurrer as to that count is good.
That count gives a description of the notes sued for and states
the balance due thereon, alleges that the notes were delivered by
the plaintiff to the defendant, the Citizens Banking Company,
which was to collect them and remit the net proceeds to the plain-
tiff; that the makers of the notes were solvent, and that the bank
negligently and fraudulently converted the notes by delivering the
same to the makers thereof without collecting the balance due
thereon.  The petition sets out a cause of action, and is sufficient to
withstand a general demurrer, and a special demurrer on the
ground that " it appears affirmatively from the petition in said case
that the makers of said notes are solvent, and that the defendant
in this case did not collect the money covered by notes which were
delivered to maker by mistake or oversight," and that " plaintiff
seems to have selected defendant against whom to bring suit,
rather than institute proceedings against one of its customers."
In *Hobbs* v. *Chicago Packing Co.,* 98 *Ga.* 580 (1) (25 S. E.
786, 58 Am. St. Rep. 320), it was held: " A wrong delivery of
goods, either negligently or wilfully made, by one who had been
entrusted with the custody of them, is in law a conversion by the
latter." *Savannah &c. Ry. Co.* v. *Sloat,* 93 *Ga.* 803 (20 S. E.

219) ; 38 Cyc. 2011 (d) ; Lowremore v. Berry, 19 Ala. 130 (54 Am. D. 188) ; Hicks v. Lyle, 46 Mich. 448 (9 N. W. 529).

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*