## HILL *v.* HUSTON.

1. APPEAL AND ERROR—INSTRUCTIONS—REQUESTS TO CHARGE—RECORD.

   Instruction to jury is assumed to have been properly given where it was not contained in record on appeal, hence error will not be predicated on alleged failure to give requests to charge.

2. HUSBAND AND WIFE—TENANCY BY ENTIRETY—RECOVERY OF POSSESSION FROM TENANT BY HUSBAND ONLY.

   Since the husband has the right to control the rents, income, use and profits from property held by the entireties, it is unnecessary that the wife sign a notice to their tenant to terminate the tenancy or the complaint to recover possession.

3. LANDLORD AND TENANT—HOLD-OVER TERM AFTER EXPIRATION OF TWO-YEAR LEASE.

   When a tenant under a written lease for two years holds over after the expiration of the term the duration of the hold-over term would be at best on a year-to-year basis.

4. SAME—DURATION OF HOLD-OVER TERM—QUESTION OF FACT.

   A question of fact was raised as to the duration of a hold-over tenancy where testimony as to length of such term was in conflict, hence trial judge was not in error in holding with tenant as a matter of law.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 6, 1945. (Docket No. 62, Calendar No. 43,020.) Decided May 14, 1945.

Summary proceedings by Matthew Hill, Sr., against John C. Huston before a circuit court commissioner to recover possession of real estate. Verdict and judgment for plaintiff. Defendant appealed to circuit court. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Maurice P. Rhodes,* for plaintiff.

*Alvin D. Hersch* and *Samuel H. Weisman,* for defendant.

BUSHNELL, J. This is an appeal by defendant John C. Huston from a judgment in favor of plaintiff Matthew Hill for possession of certain premises, entered upon the verdict of the jury, determining defendant to be guilty of withholding possession from plaintiff. This determination in the circuit court was upon an appeal from a like determination by a jury in the circuit court commissioner's court.

The testimony discloses that Huston had been a lessee under a written lease of premises located at 1486 East Milwaukee avenue in Detroit, which contained 32 rooms, divided into housekeeping apartments. Defendant's lessor under this lease, Genette Jackson, formerly Genette Yapoujian, sold the premises in question to Hill on a land contract dated June 7, 1944.

According to Mrs. Jackson, the written lease expired on December 31, 1942, and it was understood that Huston could remain in possession of the property on a month-to-month tenancy thereafter. Defendant, on the other hand, denies the month-to-

month arrangement and takes the position that the hold-over after the expiration of the written lease constituted a year-to-year tenancy, and a verdict of not guilty should have been directed in his favor, as a matter of law. He also contends that his tenancy, whether month-to-month or year-to-year, could not be terminated, by a notice signed only by Hill, because title to the premises is held jointly by plaintiff and his wife, Carrie Hill, and, therefore, her signature was required on the notice.

Defendant also complains that certain charges which he requested were not given to the jury. These requests are printed in the record on appeal which was filed by the defendant, but the record does not contain the charge given to the jury. We must assume, therefore, that the charge was properly given. *Lewis* v. *Summers,* 295 Mich. 20, and *Barkman* v. *Montague,* 297 Mich. 538.

Under the authority of *Arrand* v. *Graham,* 297 Mich. 559 (136 A. L. R. 1206), it was not necessary that Mrs. Hill sign either the notice to terminate the tenancy or the complaint to recover possession because of the husband's right to control the rents, income, use and profits from property held by the entireties.

Defendant would have us say that he held possession as a tenant from year-to-year as a matter of law. The written lease, dated October 25, 1940, was for a period of two years from and after the first day of January, 1941. When defendant held over after the expiration of the written lease, at best it could be only on a year-to-year basis. *Teft* v. *Hinchman,* 76 Mich. 672; *Ryan* v. *Mills,* 129 Mich. 170; *Rice* v. *Atkinson, Deacon, Elliott Co.,* 215 Mich. 371 (19 A. L. R. 1399); and *Auto Parts, Inc.,* v. *Jack Smith Beverages, Inc.,* 309 Mich. 735, 743. A notice to terminate the tenancy was dated June 12, 1944,

and demanded possession on or before July 15, 1944. The disputed testimony regarding the term of the holding over raised a question of fact as to the duration of the subsequent tenancy. This was decided adversely to the defendant by both the jury in the circuit court commissioner's court and in the circuit court. The trial judge did not err in failing to hold that defendant was a tenant from year-to-year, as a matter of law.

The judgment entered upon the jury's verdict is affirmed, with costs to appellee.

STARR, C. J., and NORTH, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.