KENNEDY *v.* BAY CITY TAXI CAB COMPANY.

1. EVIDENCE—EXPERT TESTIMONY—FACTUAL BASIS.
   An expert witness, having personal knowledge, must, before giving his opinion, state the facts upon which he bases it, and he cannot, without disclosing the facts, give his opinion directly, or take them into consideration in answering hypothetical questions.·

2. SAME—X-RAYS—OPINION EVIDENCE.
   Over objection it was error to permit physician who had treated plaintiff to relate his conclusions from X-ray pictures, as to what they disclosed, without producing the pictures upon which his opinion was based or without testimony accounting for their nonproduction.

Appeal from Bay; Liebrand (Karl K.), J. Submitted June 9, 1949. (Docket No. 18, Calendar No. 44,279.) Decided October 10, 1949. Rehearing denied December 8, 1949.

Case by Harriet Kennedy against Bay City Taxi Cab Company, a Michigan corporation, for personal injuries sustained when cab in which she was riding crashed into snow bank. Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*Hellerman, McGinty & Bielawski,* for plaintiff.

*Smith & Brooker,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses, § 859.
[1] Hypothetical questions in case of expert witness who has personal knowledge or observation of facts. 82 ALR 1340.

SHARPE, C. J.   This is an appeal from a judgment entered for plaintiff as a result of personal injuries sustained by her on February 8, 1947, while riding as a passenger in a cab owned and operated by defendant Bay City Taxi Cab Company.

It is the claim of plaintiff that defendant company through its employee operated the cab at an excessive speed over an icy street as a consequence of which the vehicle went out of control, crashed into a snow bank and threw plaintiff through the rear door of the cab and out into the street injuring her back, spine, right foot and shoulder.   Defendant claims that the cab got stuck on an icy street; that plaintiff voluntarily got out of the cab; and that she fell on the icy street after she left the cab.   The cause was submitted to a jury who returned a verdict in the amount of $2,500 in favor of plaintiff.

In a motion for a new trial and upon appeal defendant urges that the trial court was in error in refusing to grant a new trial for the reason that Dr. Stewart was improperly permitted to testify over objection regarding plaintiff's condition based on X-ray photographs which were not admitted in evidence.

It appears that plaintiff consulted Dr. Stewart for treatment on April 17, 1947, and he continued to treat her on an average of 4 to 6 times a month up to January 18, 1948; that Dr. Stewart was present when the X-rays were taken by Dr. Ziliak; and that Dr. Stewart has had 25 to 30 years experience in reading and interpreting X-rays.   It also appears that Dr. Stewart was called as a witness on behalf of plaintiff and testified that his interpretation and examination of the X-rays showed: "Anterior and posterior and lateral studies of the right shoulder show no X-ray evidence of bone pathology.   Anterior and posterior and lateral studies of the cervical spine show a posterior displacement of the body of

the fifth cervical vertebra on the fourth by approximately one-eighth of an inch. There is marked evidence of arthritis in this region of the spine." Defendant's counsel objected to the testimony of Dr. Stewart for the reason that it was based upon X-rays that were not offered in evidence.

In *Jolman* v. *Alberts,* 192 Mich 25, it was held that the trial court was not in error in excluding testimony by a doctor as to what a certain X-ray picture showed where the absence of the picture was unaccounted for. We there said:

"The knowledge of the witness was derived from reading—interpreting—a picture. The picture was, of course, the best and only evidence of what it did or did not reveal. And, while it is matter of common knowledge that the correct reading of such a picture is a thing for experts, there could be no proper cross-examination of an expert interpreter in the absence of the thing interpreted."

In 82 ALR 1340, the rule is stated:

"While there is some conflict on the question, it is held by the weight of authority that an expert witness having personal knowledge, must, before giving his opinion, state the facts upon which he bases it, and that he cannot, without disclosing the facts, give his opinion directly, or take them into consideration in answering hypothetical questions."

For other authorities having a relation to the above, see *White* v. *Bailey,* 10 Mich 155; *Hitchcock* v. *Burgett,* 38 Mich 501; *Van Deusen* v. *Newcomer,* 40 Mich 90; *Fuller* v. *Mayor, Recorder and Aldermen of the City of Jackson,* 92 Mich 197; and *Hunter* v. *Village of Ithaca,* 141 Mich 539.

In the case at bar the X-rays were not offered in evidence. While no objections were raised as to their nonproduction neither did plaintiff offer any reason for their nonproduction. There was no di-

'rect evidence of what the X-rays consisted of, but the doctor was permitted to testify concerning his conclusions over the objection that the factual bases for them was not shown. In our opinion it was error to permit Dr. Stewart to relate his conclusions from the X-rays, as to what the X-rays disclosed, without producing the pictures upon which his opinion was based or without testimony accounting for their non-production. Other errors are complained of but in view of our conclusion, we need not discuss them.

The judgment is reversed and a new trial granted. Defendant may recover costs.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.