CITY OF FERNDALE v EALAND

Docket No. 77-4344. Submitted December 12, 1978, at Detroit.—Decided January 16, 1979. Remanded in lieu of leave to appeal, 406 Mich 963.

The City of Ferndale brought an action against Herbert Ealand, Studio North Theatre Corp., the Studio North Theatre, Ross Cacavale, Edward L. Schuman, James D. Llewellyn and Stuart Gorelick, the owners and operators of the Studio North Theatre, alleging that the theatre was operating in violation of a city zoning ordinance regarding adult motion picture theatres and was, therefore, a nuisance per se subject to abatement. The city also alleged that the theatre was operating without a license required by a city ordinance and, therefore, sought an injunction prohibiting the theatre from continuing operations. The Oakland Circuit Court, Steven N. Andrews, J., granted the defendants' motion for a directed verdict for failure to make out a prima facie case. Thereafter, on stipulation of the parties, the trial court agreed to reopen the case for the purpose of deciding the constitutionality of the portions of the city zoning ordinance dealing with adult motion picture theatres. The court found the ordinance unconstitutional. Plaintiff appeals from this finding and from the dismissal for failure to make out a prima facie case, alleging 1) that the defendants admitted that they were operating in violation of the ordinance, and 2) that the trial court erred in refusing to admit testimony regarding the contents of the film "Naked Came the Stranger". *Held:*

1. Although the defendants admitted that the film depicted "specified sexual activity", they did not admit that the film was "distinguished or characterized by an emphasis on" such matter, as would be required for a violation of the ordinance.

2. The trial court's failure to admit the testimony of police

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 448.
[2] 29 Am Jur 2d, Evidence § 485.
[3, 4] 29 Am Jur 2d, Evidence §§ 452, 456.
[5] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity § 26.
   82 Am Jur 2d, Zoning and Planning § 122.
[6] 16 Am Jur 2d, Constitutional Law § 119.
[7] 16 Am Jur 2d, Constitutional Law § 122.

officers regarding the contents of the film was error. The film was indisputably within the control of the defendants and it was incumbent upon them to produce it. When they failed to produce the film, the plaintiff was entitled to introduce secondary evidence of the film's contents.

3. The Court of Appeals refuses to reach the constitutional issue because it is not ripe for decision.

Reversed and remanded for trial.

1. EVIDENCE — BEST EVIDENCE RULE — ORIGINAL DOCUMENT — ABSENCE OF ORIGINAL — EXTRINSIC EVIDENCE.

The so-called best evidence rule requires that the original of a document be produced at trial, or its absence properly accounted for, before extrinsic evidence of its contents may be introduced.

2. EVIDENCE — BEST EVIDENCE RULE — PHOTOGRAPHS.

The best evidence rule is generally applied to photographs as well as written instruments.

3. EVIDENCE — BEST EVIDENCE RULE — EXCEPTIONS — SECONDARY EVIDENCE — ORIGINAL IN POSSESSION OF OPPOSITE PARTY.

An exception to the best evidence rule provides that a party is entitled to introduce secondary evidence of a document's contents where the original is in the possession of an opposing party and that party has been put on notice that the contents would be a subject of proof at trial.

4. EVIDENCE — NOTICE — BEST EVIDENCE RULE — PRODUCTION OF DOCUMENT — SECONDARY EVIDENCE — EXCEPTIONS.

The pleadings themselves, in some cases, may constitute sufficient notice to require an adverse party to produce a document, the contents of which will be asubject of proof at trial, and to permit the introduction of secondary evidence of the contents upon a failure to produce the document.

5. CONSTITUTIONAL LAW — ADULT MOTION PICTURE THEATRES — CONTENT OF FILMS — ORDINANCES.

An adult motion picture theatre is defined in terms of the content of films exhibted therein; therefore, such content is a central issue in any case alleging a violation of an ordinance by operation of an adult motion picture theatre.

6. CONSTITUTIONAL LAW — ZONING — ORDINANCES — INFRINGEMENT OF RIGHTS — RIPENESS.

A party must first demonstrate that his rights have been in-

fringed upon by the enforcement of a zoning ordinance in order to challenge the constitutionality of the ordinance.

7. CONSTITUTIONAL LAW — DENIAL OF RIGHTS OF ANOTHER.

A party may not raise the denial of constitutional rights of another, except in limited circumstances.

*Robert J. Turner (John Katsoulos,* of counsel), for plaintiff.

*Taylor & Rubin,* for defendants.

Before: DANHOF, C.J., and R. M. MAHER and D. C. RILEY, JJ.

R. M. MAHER, J. Plaintiff brought this action in 1975 against defendant owners and operators of the Studio North Theatre, alleging that the theatre was operating in violation of the city zoning ordinance and was, therefore, a nuisance per se subject to abatement under MCL 125.587; MSA 5.2937 Plaintiff also alleged that defendant theatre was operating without the license required by another city ordinance. After considerable procedural difficulties not material to this appeal, the matter at last came on for trial in 1977. At the close of plaintiff's proofs, the trial court granted defendants' motion for a directed verdict for failure to make out a prima facie case. Several days thereafter, the court agreed on stipulation of the parties to reopen the case for the purpose of deciding the constitutionality of the portions of the city zoning ordinance dealing with adult motion picture theatres. The court found the ordinance unconstitutional. From this finding, and from the dismissal of the action for failure to make out a prima facie case, plaintiff appeals.

On July 30, 1973, the Ferndale City Commission adopted an ordinance amending the city zoning

ordinance to prohibit, *inter alia,* establishment of an adult motion picture theatre within 1,000 feet of any building containing a residential, dwelling or rooming unit, Ferndale Ordinances, No 610, § 24.01.[1] The ordinance defines adult motion picture theatre as:

"An enclosed building with a capacity of fifty (50) or more persons used for presenting material *distinguished or characterized by an emphasis on* matter depicting, describing or relating to 'specified sexual activities' or 'specified anatomical areas,' (as defined below), for observation by patrons therein."[2] Ferndale Ordinances, No 610, § 24.00(2). (Emphasis added.)

On September 15, 1975, plaintiff City of Ferndale filed a complaint alleging that the Studio North Theatre was an adult motion picture theatre showing a film entitled "Naked Came the Stranger" in violation of the zoning ordinance and petitioning for an injunction prohibiting the theatre from continuing operations. In their answer, defendants admitted that the named film depicted

---

[1] The ordinance provides for waiver by a petition signed by 51% of persons living or doing business within a radius of 1,000 feet of the theatre.

[2] "Specified sexual activities" and "specified anatomical areas" are defined as follows:

"(4) FOR THE PURPOSE OF THIS SECTION, "SPECIFIED SEXUAL ACTIVITIES" IS DEFINED AS:

"(I) Human genitals in a state of sexual stimulation or arousal;

(II) Acts of human masturbation, sexual intercourse or sodomy;

(III) Fondling or other erotic touching of human genitals, pubic region, buttock or female breast.

"(5) FOR THE PURPOSE OF THIS SECTION, SPECIFIED ANATOMICAL AREA" IS DEFINED AS:

"(I) Less than completely and opaquely covered:

(A) Human Genitals, Pubic Region, (B) Buttock, and (C) Female breast below a point immediately above the top of the areola; and

(II) Human male genitals in a discernibly turgid state even if completely and opaquely covered." Ferndale Ordinances, No 610, § 24.00(4), (5).

"specified sexual activities", but denied that Studio North was an adult motion picture theatre within the meaning of the ordinance.

Plaintiff claims on appeal that defendants, through their pleadings and through statements of their attorneys, admitted that they were operating in violation of the ordinance. We disagree. Although defendants admitted that the film depicted "specified sexual activity", they did not admit that the film was "distinguished or characterized by an emphasis on" such matter, as required by the ordinance. Moreover, defendants emphatically denied that Studio North was an adult motion picture theatre as defined by the ordinance. It is true, as plaintiff claims, that the attorney for defendant Llewellyn conceded at the first hearing in the case that the theatre showed the type of material described in the ordinance. It is not clear, however, that this admission is any broader than that contained in the answer to the complaint. Even if the attorney's statement might be construed as an admission that the ordinance was being violated, it is binding only on his client, not on the other defendants, who had apparently not even been served with process at the time this statement was made, see *Ghezzi v Holly,* 22 Mich App 157; 177 NW2d 247 (1970), *Smith v Woronoff,* 75 Mich App 24; 254 NW2d 637 (1977).[3]

The question of whether Studio North was an adult motion picture theatre thus awaited proof at the trial, proof which would inevitably entail a showing that the film specified in the complaint

---

[3] Plaintiff claims that the other defendants were bound by Llewellyn's statements because he was their employee. However, there was no showing that Llewellyn was authorized to speak for his employers in this matter, a prerequisite to finding that they were bound by his admissions, *cf. Owen v Birmingham Federal Savings & Loan Ass'n,* 27 Mich App 148; 183 NW2d 403 (1970).

was "distinguished or characterized by an emphasis on matter depicting, describing or relating to 'specified sexual activities' or relating to 'specified anatomical areas' " as defined by the ordinance, Ferndale Ordinances, No 610, § 24.100. To that end, plaintiff sought to introduce testimony of police officers, who had viewed the film in question at Studio North, regarding the contents of the film. The trial court, however, refused to admit such testimony, on grounds that the best evidence rule required the production of the film itself as evidence of its contents. Plaintiff claims on appeal that the trial court erred in refusing to admit testimony regarding the contents of the film. We agree.

The so-called best evidence rule requires that the original of a document be produced at trial—or its absence properly accounted for—before extrinsic evidence of its contents may be introduced, *Paul v University Motor Sales Co,* 283 Mich 587; 278 NW 714 (1938). The rule is generally applied to photographs as well as written instruments, 32A CJS, Evidence, § 792(7), p 124. See also *Kennedy v Bay City Taxi Cab Co,* 325 Mich 668; 39 NW2d 220 (1949). An exception to the rule, however, provides that a party is entitled to introduce secondary evidence of a document's contents where the original is in the possession of the opposing party, and that party has been put on notice that the contents would be a subject of proof at trial, *Muir v Kalamazoo Corset Co,* 155 Mich 624; 119 NW 1079 (1909), *Attwood Brass Works v Aero-Motive Manufacturing Co,* 347 Mich 693; 81 NW2d 371 (1957). In some cases, the pleadings themselves may constitute sufficient notice to require an adverse party to produce the document, and to permit the introduction of secondary evi-

dence upon his failure to do so, *Rose v Lewis,* 10
Mich 483 (1862), see also *Muir v Kalamazoo Corset
Co, supra.*

Applying these rules to the case at bar, we find
that the contents of the film "Naked Came the
Stranger" was a subject of proof at the trial, and
that defendants were put on notice of that fact by
the pleadings. The complaint made it clear that
Studio North was alleged to be an adult motion
picture theatre, as defined in the ordinance, by
reason of having shown the named film. Because
an adult motion picture theatre is defined in terms
of the content of films exhibited therein, such
content is a central issue in any case alleging a
violation of the ordinance by operation of such a
theatre. When defendants in their answer denied
that Studio North was an adult motion picture
theatre, the issue was joined. The film being indis-
putably within the control of defendants, it was
incumbent upon them to produce it. When they
failed to do so, plaintiff was entitled to introduce
secondary evidence of the film's contents.

The trial court's refusal to admit the testimony
of police officers regarding the contents of "Naked
Came the Stranger" was error. We must, there-
fore, reverse and remand for a new trial, in which
plaintiff shall be permitted to offer secondary evi-
dence of the film's contents.[4]

The court below, recognizing that the fundamen-
tal question raised in the lawsuit had not been
reached, acceded to the parties' request to decide
the constitutionality of the ordinance in question,
even though he had already dismissed the action

---

[4] Should defendants produce the film itself, secondary evidence
would, of course, not be admissible. We note, however, that defend-
ants represented to the court below that it is impossible to produce
the equipment necessary for viewing the film because of its lack of
portability.

for failure of plaintiff to make out a prima facie case of violation of the ordinance. The parties have submitted the same question for decision by this Court. However, we decline to reach the constitutional issue, because we find that it is not ripe for decision.

In order to challenge the constitutionality of a zoning ordinance, a party must first demonstrate that his rights have been infringed upon by enforcement of the ordinance, *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974), *Kirk v Tyrone Twp,* 398 Mich 429; 247 NW2d 848 (1976). Except in limited circumstances not present in this case, a party may not raise the denial of the constitutional rights of another, *Mary v Lewis,* 399 Mich 401; 249 NW2d 102 (1976).[5]

In the case at bar, the trial court refused to enforce the ordinance against defendants, finding that plaintiff had failed to establish a violation. Defendants can, therefore, have suffered no infringement of their rights as a result of enforcement of the ordinance, and have no standing to challenge its constitutionality. If on retrial of this cause the trial court once again finds no violation of the ordinance, the constitutional issue need not be reached. If, on the other hand, defendants are found to be in violation of the ordinance and are enjoined from further operation of their business, they will have standing to raise the issue and the trial court must decide it. In that event, the constitutionality of the Ferndale zoning ordinance may properly be brought before this Court for decision. Unless and until that time arrives, we will not discuss the question.

Reversed and remanded for a new trial. No costs, a public question being involved.

---

[5] We note that defendants do not contend that the statute is overbroad in its scope, *cf., Broadrick v Oklahoma,* 413 US 601; 93 S Ct 2908; 37 L Ed 2d 830 (1973).